IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01319-PAB

ROBERT HUNT,

     Applicant,

v.

DEAN WILLIAMS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS**

---

Applicant Robert Hunt is a prisoner in the custody of the Colorado Department of Corrections. He has filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 5, challenging the validity of his conviction in the District Court for El Paso County, Colorado, Case Number 10CR4367. On September 30, 2021, Respondent filed an Answer, ECF No. 21, and on November 26, 2021, Applicant filed a Reply, *see* ECF No. 24.

After reviewing the Application, Answer, and Reply, the Court concludes Applicant is not entitled to relief on his ineffective assistance of counsel claim.

**I. Background**

Applicant pleaded guilty to an added count of second-degree murder and to one of the original crime of violence counts in exchange for (1) dismissal of the remaining

charges and (2) a stipulated sentence of between thirty and forty years in prison. *People of the State of Colo. v. Hunt,* No. 15CA0080, 1 (Colo. App. June 16, 2016); ECF No. 10-4 at 2.

Respondents assert that, after Applicant pleaded guilty, the state criminal case proceeded as follows:

> Prior to sentencing, Applicant tried to withdraw his plea by filing a motion under Colo. R. Crim. P. 32(d), asserting, inter alia, that his attorney had erroneously advised him that he could, if tried, be found guilty (and sentenced to life imprisonment) under a complicity theory.  ECF No. 10-4 at 3.  The state district court sentenced Applicant without addressing the Rule 32(d) motion, so Applicant filed a postconviction motion under Colo. R. Crim. P. 35(c), which the state district court summarily denied.
>
> On direct appeal, the Colorado Court of Appeals (CCA) reversed the state district court's order and remanded the case for an evidentiary hearing on Applicant's ineffective assistance of counsel claims.  ECF No. 10-4 at 5-7, 26.  Ultimately, the CCA affirmed the state district court's order denying Applicant's [sic] claims and affirmed his guilty-plea conviction.  ECF No. 10-8.

ECF No. 21 at 3-4.

Applicant asserts one ineffective assistance of plea counsel claim.  In the claim, he contends that (1) plea counsel misadvised him on the elements of the complicity offense, which resulted in a Sixth Amendment violation of his right to effective assistance of counsel; and (2) the postconviction court relied on an unreasonable determination of the facts with respect to plea counsel's performance.  ECF No. 5 at 4. Applicant further contends that counsel failed to instruct him that mens rea, and actus reus, are elements of the offense and told him all that the prosecution was required to do was to prove he was 'there in the car."  *See id.* at 5.  Applicant asserts that he

2

would not have accepted the plea had he known the prosecution had to prove more than that he was in the car when the crime was committed, which included having to prove Applicant possessed knowledge and had intent to encourage the commission of a crime.  *Id.*  Finally, Applicant asserts that the person held responsible for the murder was in the car with him when the crime was committed.  *Id.*

## II. Standard of Review

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Applicant bears the burden of proof under § 2254(d).  *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

The Court's inquiry is straightforward "when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).  "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable."  *Id.*  When the last state court decision on the merits "does not come accompanied with those reasons," . . . the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant

rationale [and] presume that the unexplained decision adopted the same reasoning." *Id.* The presumption may be rebutted "by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed." *Id.*

The threshold question the Court must answer under § 2254(d)(1) is whether Applicant seeks to apply a rule of law that was clearly established by the Supreme Court at the time the state court adjudicated the claim on its merits. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id.* at 1018.

If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if (a) "the state court applies a rule

4

> that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405, 120 S. Ct. 1495). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405, 120 S. Ct. 1495 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id*. at 407-08, 120 S. Ct. 1495.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id*. at 411. A decision is objectively unreasonable "only if all fairminded jurists would agree that the state court got it wrong." *Stouffer v. Trammel*, 738 F.3d 1205, 1221 (10th Cir. 2013) (internal quotation marks omitted). Furthermore,

> evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations. [I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.

*Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks and citation omitted, brackets in original). In conducting this analysis, the Court "must determine what arguments or theories supported or . . . could have supported[ ] the state court's decision" and then "ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. at 102. In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 563 U.S. at 181.

Under this standard, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Maynard*, 468 F.3d at 671; *see also Richter*, 562 U.S. at 102 (stating "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 562 U.S. at 103.

Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the relevant state court decision was based on an unreasonable determination of the facts in light of the evidence presented to the state court. Pursuant to § 2254(e)(1), the Court presumes the state court's factual determinations are correct and Applicant bears the burden of rebutting the presumption by clear and convincing evidence. The

presumption of correctness applies to factual findings of the trial court as well as state appellate courts. See *Al-Yousif v. Trani*, 779 F.3d 1173, 1181 (10th Cir. 2015). The presumption of correctness also applies to implicit factual findings. See *Ellis v. Raemisch*, 872 F.3d 1064, 1071 n.2 (10th Cir. 2017).

Finally, the Court's analysis is not complete even if Applicant demonstrates the state court decision is contrary to or an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented. See *Harmon v. Sharp*, 936 F.3d 1044, 1056 (10th Cir. 2019), *cert. denied*, 141 S. Ct. 294 (Oct. 5, 2020). If the requisite showing under § 2254(d) is made, the Court must consider the merits of the constitutional claim *de novo*. See *id.* at 1056-57.

If a claim was not adjudicated on the merits in state court, and if the claim also is not procedurally barred, the Court must review the claim *de novo* and the deferential standards of § 2254(d) do not apply. See *id.* at 1057. However, even if a claim is not adjudicated on the merits in state court, the Court still must presume the state court's factual findings pertinent to the claim are correct under § 2254(e). See *id.*

### III. Merits of Claim One

    A. Rule of Law/*Strickland*

Clearly established federal law provides that a defendant in a criminal case has a Sixth Amendment right to the effective assistance of counsel. See *Strickland v. Washington*, 466 U.S. 668 (1984). To establish counsel was ineffective, Applicant must demonstrate both that counsel's performance fell below an objective standard of

7

reasonableness and that counsel's deficient performance resulted in prejudice to his defense.  See id. at 687.  If Applicant fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claim must be dismissed.  See id. at 697.

In general, "[j]udicial scrutiny of counsel's performance must be highly deferential."  *Id*. at 689.  There is "a strong presumption" that counsel's performance falls within the range of "reasonable professional assistance."  *Id*.  It is Applicant's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances.  See id.

In the context of federal habeas corpus review under § 2254(d), a state prisoner "faces an even greater challenge."  *Harmon v. Sharp*, 936 F.3d 1044, 1058 (10th Cir. 2019) (citation omitted).  "[W]hen assessing a state prisoner's ineffective-assistance-of-counsel claims on habeas review, [federal courts] defer to the state court's determination that counsel's performance was not deficient and, further, to the attorney's decision in how to best represent a client."  *Id.* (internal quotation marks and citations omitted).  Thus, review under § 2254 is "doubly deferential."  See id. (internal quotation marks and citations omitted).  Furthermore,

> [f]ederal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether *any* reasonable argument exists that counsel satisfied *Strickland's* deferential standard.  And because the *Strickland* standard is a general standard, a state court has . . . more latitude to reasonably determine that a defendant has *not* satisfied that standard.

*Id.* (citations and internal quotation marks omitted).

Under the prejudice prong, Applicant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*; *see also Richter*, 562 U.S. at 112 (stating that "[t]he likelihood of a different result must be substantial, not just conceivable."). In determining whether Applicant has established prejudice, the Court must look at the totality of the evidence and not just the evidence that is helpful to Applicant. *See Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999). In the guilty plea context, the question of prejudice is analyzed in terms of whether there is a reasonable probability that, but for counsel's unprofessional errors, the defendant would not have pleaded guilty. *See Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

B.  Analysis

After the evidentiary hearing was held pursuant to remand on direct appeal, the CCA addressed the denial of the ineffective assistance of plea counsel claim on appeal as follows:

> Hunt's argument hinges on his contention that trial counsel's performance was deficient when she improperly advised him about complicity–by not informing him of all the statutory elements–and her performance prejudiced him because he otherwise would not have pleaded guilty.  Thus, we analyze whether the trial court properly denied his motion to withdraw a plea, and we will not overturn the court's decision absent an abuse of that discretion.  *Kazadi,* ¶ 14, 291 P.3d at 21.
> . . . .
>
> a.  Applicable Law
>
> A criminal defendant is constitutionally entitled to the effective assistance of counsel.  *Strickland,* 466 U.S. at 686; *Ardolino v. People,* 69 P.3d 73, 76 (Colo. 2003).   Under the Sixth Amendment to the United

9

States Constitution and article II, section 16 of the Colorado Constitution, the voluntariness of a guilty plea entered by a defendant represented by counsel depends in part upon whether counsel's advice, "was within the range of competence demanded of attorneys in criminal cases." *People v. Pozo,* 744 P.2d 523, 526 (Colo. 1987) (quoting *McMann v. Richardson,* 397 U.S. 759, 771 (1970)).

"[T]he benchmark for judging any claim of ineffectiveness [is] whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Ardolino,* 69 P.3d at 76.

To prevail on a Crim. P. 35(c) ineffective assistance of counsel claim, a defendant must show, by a preponderance of the evidence, *People v. Gandiaga,* 70 P.3d 523, 526 (Colo. App. 2002), that (1) counsel's performance fell below the level of reasonably competent assistance demanded of attorneys in criminal cases and (2) the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687; *Kazadi,* ¶ 17, 291 P.3d at 21-22. As to the first prong of the *Strickland* test, the defendant must overcome a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that the challenged action might be considered sound trial strategy under the circumstances of the particular case. *Strickland,* 466 U.S. at 688-89; *Ardolino,* 69 P.3d at 76.

. . . .

If a court determines that counsel's performance was not constitutionally deficient, it need not consider whether the defendant carried his or her burden of proof as to the prejudice prong. *Gandiaga,* 70 P.3d at 526. Likewise, if a court determines that the defendant failed to affirmatively prove prejudice, it may resolve the ineffective assistance of counsel claim on that basis alone. *Id.*

C. Analysis

To resolve whether the postconviction court abused its discretion by denying Hunt's motion to withdraw his guilty plea, we look to whether trial counsel effectively advised Hunt regarding his charge of second degree murder under a complicity theory.

A defendant may be found guilty for the criminal behavior of another under a complicity theory if "with the intent to promote or facilitate the commission of the offense, he or she aids, abets, advises, or encourages the other person in planning or committing the offense."

> § 18-1-603, C.R.S. 2019.   Thus, as relevant here, trial counsel was required to advise Hunt that, to be guilty of complicity, he must have encouraged Weston to murder the victim and been aware of the attendant circumstances.   *See People v. Childress,* 2015 CO 65M, ¶ 29, 363 P.3d 155, 164.
>
> During the providency hearing, the trial court asked a series of questions to ensure that Hunt's counsel had properly advised him about complicity.   Through that colloquy, the court established, based on Hunt's statements, that Hunt understood complicity and that his counsel had satisfactorily explained it to him.
>
> On remand, trial counsel testified that she had discussed complicity with Hunt several times.   She stated that she understood complicity and "explained to him what complicity was, what the definition of it is and what he would be required to say at that point.   When [she] left that room after that discussion, [she] had no doubt in [her] mind that that was understood."   During Hunt's cross-examination of trial counsel, postconviction counsel did not ask whether trial counsel had told Hunt that he had to have the intent to promote or facilitate the commission of the crime.   Thus, as the People point out, Hunt did not carry his burden to establish that trial counsel's performance was deficient by failing to advise him of the intent element.
>
> Despite Hunt's testimony that he did not understand complicity and that trial counsel had merely told him that, because he was in the car at the time of the murder, he was guilty of complicity, the postconviction court concluded that trial counsel's testimony was more reliable.
>
> Based on transcripts of the providency and postconviction hearings and Hunt's signature on the plea agreement–acknowledging that he understood the charges to which he was pleading guilty–we conclude that the record supports the postconviction court's finding that trial counsel had properly advised Hunt of complicity.   Thus, we discern no deficient performance by trial counsel.   Because we conclude that trial counsel's performance was not deficient, we need not address whether Hunt was prejudiced.
>
> Ineffective assistance of counsel may constitute a fair and just reason to withdraw a guilty plea; however, we have concluded that Hunt's trial counsel was not ineffective.

*People of the State of Colo. v. Hunt,* No. 18CA0307, 9-14 (Colo. App. Oct. 10, 2019);

ECF No. 10-8 at 10-15.

In Applicant's Reply, ECF No. 24, to Respondents' Answer, ECF No. 21, Applicant sets forth a vague and conclusory statement that the transcript of the providency hearing would prove that counsel's "factual basis does not meet the elements for complicity to second degree murder." ECF No. 24 at 2. He further contends that the transcripts would show that the only one trying to switch his or her statement was counsel. *Id.* Applicant asserts that the CCA found in *People v. Hunt,* 2016 CO 93, that "the factual basis was not sufficient for Complicity to Second Degree Murder and based on "the facts presented at the providency hearing the defendant could not be found guilty of First- or Second-Degree Murder." *Id.*

At issue in this case is Applicant's claim that plea counsel was ineffective in instructing him on the elements of complicity, as explained above. To properly address Applicant's claim, the Court relies on (1) the factual findings made by the CCA regarding the testimony at the postconviction hearing; and (2) the postconviction court's basis for denying Applicant's ineffective assistance of plea counsel claim.

In part, the CCA's findings are as follows:

> At the postconviction hearing on remand, trial counsel testified that, despite Hunt's version of events, evidence showed that he was the driver and the shooter. Based on trial counsel's assessment of the potential risks of proceeding to trial, she attempted to persuade the district attorney to acquiesce to an *Alford* plea [footnote omitted explaining the essence of an *Alford* plea]. However, she was unsuccessful and chose, instead, to talk to Hunt about laying the factual basis for complicity. She explained complicity as "[a]iding, abetting, facilitating the principal, knowing what the principal is going to do." Trial counsel further testified that, after she explained complicity, Hunt told her that he wanted to accept the plea bargain.

>Hunt also testified, claiming that trial counsel informed him that his presence in the car and his intent to kill the person responsible for the home invasion were enough to make him guilty of second degree murder based on a theory of complicity.   He stated that trial counsel never explained to him that he had to intend that Weston murder the victim.  Hunt told the court that, after researching the elements of complicity on his own, he felt that he was not guilty because he did not aid, abet, or assist Weston in killing the victim.   He stated that, had he known the definition of complicity, he would not have pleaded guilty.
>
>The postconviction court denied the ineffective assistance of counsel claim, determining that trial counsel's testimony was more credible than Hunt's, that trial counsel had properly advised him about complicity, and that the trial court had also explained complicity at the providency hearing.   Thus, it concluded that counsel was not ineffective and, even if she was, Hunt was not prejudiced because the record did not support his contention that he would not have pleaded guilty.   It concluded that the significant weaknesses in Hunt's defense and strong evidence establishing his guilt suggested that Hunt would nevertheless have pleaded guilty.

*Hunt,* No. 18CA0307 at 5-7; ECF No. 10-8 at 6-8.

As stated above, "review under 2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits."   *Cullen*, 563 U.S. at 181.   Also, as stated above, pursuant to 2254(e)(1), the Court must presume that the state court's factual determinations are correct, *see Sumner*, 455 U.S. at 592-93.   State court factual findings, including credibility findings, are presumed correct, absent clear and convincing evidence to the contrary.   See 28 U.S.C.§ 2254(e)(1); *see also Marshall v. Lonberger*, 459 U.S. 422, 431-34 (1983).

The CCA's credibility determination regarding plea counsel's testimony is supported by the record and these findings of facts are entitled to deference.   *See Felkner v. Jackson*, 562 U.S. 594, 598, (2011) (under the Antiterrorism and Effective

Death Penalty Act (AEDPA) a trial court's determination based largely on evaluation of credibility is entitled to great deference and is sustained unless clearly erroneous) (citations and quotation marks omitted).

The Court presumes the state court's factual determinations are correct, and Applicant bears the burden of rebutting the presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). Notably, the presumption of correctness applies to the determination that plea counsel's testimony was more credible than Applicant's testimony, that trial counsel had properly advised him about complicity, and that the trial court had also explained complicity at the providency hearing. See Rice v. Collins, 546 U.S. 333, 338-39 (2006) (treating a credibility determination as a factual determination in the habeas context). The mere existence of conflicting testimony, which the state courts acknowledged, is not clear and convincing evidence that overcomes the presumption of correctness. The conflicting testimony also does not demonstrate the state court's rejection of the ineffective assistance of plea counsel claim was based on an unreasonable determination of the facts in light of the evidence presented.

Because a credibility determination is treated as a finding of fact and, pursuant to § 2254(e)(1), the factual finding is presumed correct and because Applicant fails to rebut the presumption with clear and convincing evidence otherwise, he fails to demonstrate the state court's rejection of the ineffective assistance of plea counsel claim is an unreasonable application of Strickland. For the reasons stated above, the CCA's decision regarding this claim did not result in a decision that was contrary to, or

involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, and it did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.   Applicant's ineffective assistance of plea counsel claim, therefore, lacks merit.

## IV. Conclusion

Accordingly, for the reasons stated above, it is

**ORDERED** that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 5, is denied and this case is dismissed with prejudice.   It is further

**ORDERED** that there is not a basis to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED:   December 29, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge